UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| AMERICAN SAVINGS LIFE INSURANCE COMPANY | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. _____ |
| AUDIE E. RAY REAL ESTATE LENDING, INC. | | |
| Defendant. | | |

**PLAINTIFF AMERICAN SAVINGS LIFE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT AND REQUEST FOR INJUNCTIVE RELIEF**

COMES NOW, American Savings Life Insurance Company ("American Savings") and files this its Complaint for Declaratory Judgment and Request for Injunctive Relief against Defendant Audie E. Ray Real Estate Lending, Inc. ("Defendant" or "Audie Ray") and would respectfully show the Court as follows:

**NATURE OF THE CASE**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, for the purpose of determining a question of actual controversy between the parties, as more fully described below. Defendant has claimed an interest in the real property under the deed of trust which is the subject matter of this litigation. A declaration of rights is necessary and appropriate in order to guide the parties in their future course of conduct.

**I.
PARTIES**

2. Plaintiff American Savings Life Insurance Company is a life insurance, savings and loans institution organized and existing under the laws of Arizona, with its principal place of business located in Mesa, Arizona.

3. Defendant Audie E. Ray Real Estate Lending, Inc. is a Texas Corporation with its principal office in McAllen, Texas. Service may be made on Audie Ray by serving its registered agent for service, Audie E. Ray, at 3100 Colbath McAllen, Texas 78503.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction of this action is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a), there being diversity of citizenship between the parties. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to American Savings' claim occurred in this judicial district and this action involves real property located in Hidalgo County.

6. This Court has jurisdiction over the relief sought in this matter in accordance with the Federal Declaratory Judgment Act. The Court also has personal jurisdiction over Audie Ray, who has transacted business in the State of Texas and is claiming or have claimed an interest in real property located in Hidalgo County, Texas.

## III.
## FACTUAL BACKGROUND

7. This dispute involves real property located in Hidalgo County, Texas more specifically described as follows:

> Lots Eleven (11) and Twenty-Three (23), NICK GARZA SUBDIVISION, Hidalgo County, Texas, as per map or plat recorded in Volume 21, Page 58, Map Records of Hidalgo County, Texas, to which reference is hereby made for all pertinent purposes.
>
> SAVE AND EXCEPT: Being 0.045 of one acre (1,950 square feet) of land, situated in the Jose Antonio Zamora Portion 50, Abstract No. 79, Hidalgo County, Texas, and being part of Lot Eleven (11), NICK GARZA SUBDIVISION, Hidalgo County, Texas, as per map or plat recorded in Volume 21, Page 58, Map Records of Hidalgo County, Texas, said Lot 11 conveyed from Nick Garza, et ux. to Ruperto Ochoa, et ux, by deed dated July 9, 1990,

recorded in Volume 2969, Page 440, Deed Records of Hidalgo County, Texas, said 0.045 of one acre of land, being more particularly described by metes and bounds as follows:

COMMENCING at a 1/2 iron rod found on the North right of way line of Butch's Drive, for the Southeast comer of Lot 23, and the Southwest comer of Lot 23, Nick Garza Subdivision, thence as follows,

North 08 degrees 56 minutes 02 seconds East, along said common lot line, at 124.00 feet pass the common comer of said Lot 11 and Lot 10 of the Nick Garza Subdivision, as conveyed to Remigio Saenz, et ux by deed dated July 13, 1989m recorded in Volume 2785, Page 39, Deed Records of Hidalgo County, Texas, in all a total distance of 223.91 feet to a 5/8 inch iron rod with yellow plastic cap marked "RODS SURVEYING INC" set for the POINT OF BEGINNING, on the proposed south right of way line of the U.S. 83 Expressway having surface coordinates of X=l,027,860.38 and Y=l 6,610,473.07. All bearing and coordinates are based on the State Plane Coordinate System of Texas, South Zone, North American Datum 1983 (1993 adjustment), English units. All distances and coordinates are surface and may be conveyed to grid by multiplying by a combined scale factor of 0.999960;

THENCE, North 08 degrees 56 minutes 02 seconds East, continuing with said common line, a distance of 25.00 feet, to a point for corner on the existing south right of way line of the U.S. 83 Expressway;

THENCE, South 81 degrees 03 minutes 58 seconds East, with said existing right of way line, a distance of 13.13 feet to the point of curvature of a tangent curve to the right, having a radius of 3,769.72 feet;

THENCE, in a southeasterly direction along the existing south right of way line of U.S. 83 Expressway, and along the said curve to the right, having a central angle of 00 degrees 59 minutes 10 seconds, a distance a radius of 3,769.72 feet, an arc length of 64.88 feet, a chord bearing and distance of South 80 degrees 34 minutes 23 seconds East, 64.87 feet, to the northeast comer of tot 11 and northwest corner of Lot 12, as conveyed to Albino Villarreal, et ux by deed dated January 23, 1995, recorded in Document No. 433456, Official Records of Hidalgo County, Texas;

THENCE, South 08 degrees 56 minutes 02 minutes West, along said common lot line, a distance of 25.00 feet to a 518 inch iron rod with a yellow plastic cap marked "RODS SURVEYING INC" set on the proposed south right of way line of U.S. 83 Expressway, on the arc of a curve to the left, having a radius of 3,744.72 feet;

THENCE, in a westerly direction, with the proposed south right of way line of U.S. 83 Expressway, along said curve to the left, having a central angle of 00 degrees 59 minutes 23 seconds, a radius of 3,744.72 feet an arc length of 64.68 feet, chord bearing and distance of North 80 degrees 34 minutes 16 seconds West, 64.68 feet, to a 5.8 inch iron rod with a yellow plastic cap marked "RODS SURVEYING INC" set for the point of tangency;

THENCE, North 81 degrees 03 minutes 58 seconds West, along the proposed south right of way line of said U.S. 83 Expressway, a distance of 13.32 feet to the POINT OF BEGINNING and containing 0.045 of one acre (1,950 square feet) of land.

a.k.a. 403 E Palma Vista Dr, Palmview, TX 78572. (the "Property")

8. On November 20, 2009, Ruperto Ochoa and Noemi Ochoa, as grantors, conveyed to Albino Villarreal and Claudia Villarreal (the "Villarreals"), as grantees, for good and valuable consideration, the Property described as follows:

Lots 11 and 23, Nick Garza Subdivision, being a resubdivision of the North 299.0 feet of the East 1035.0 feet of the West 1454.8 feet of Lot 67, Bentsen Groves Subdivision, Hidalgo County, Texas, according to the map or plat of said Nick Garza Subdivision of record in Volume 21, Page 58, Map Records of Hidalgo County, Texas.

The Warranty Deed with Vendor's Lien for Lots 11 and 23 dated July 6, 2009, and recorded as Document No. 2053598 is attached hereto and incorporated herein as **Exhibit A**.

9. On or about, January 3, 2018, Mr. Audie E. Ray recorded a Deed of Trust on the Property dated December 29, 2017, Document No. 2877586 ("Audie Ray Deed of Trust"), with the Hidalgo County Clerk. The Audie Ray Deed of Trust secured a promissory note issued by Mr. Audie E. Ray to the Villarreals in the amount of $80,000.00. The Audie Ray Deed of Trust is attached hereto and incorporated herein as **Exhibit B**.

10. On or about, April 5, 2018, Mr. Audie E. Ray recorded a Transfer & Assignment of Notes and Liens dated February 28, 2018, Document No. 2903731 ("Assignment of Ray Deed of Trust"), with the Hidalgo County Clerk which transferred and assigned the Audie Ray Deed of Trust to Defendant. The Assignment of Ray Deed of Trust is attached hereto and incorporated herein as **Exhibit C**.

11. In 2019, the Villarreals received a loan from American Savings in the amount of $500,000, Loan No. 112854 (the "Loan"). American Savings purchased the Loan Policy of Title Insurance, Policy No. 1901371900248-L1, to protect its interests in the Property (the "Loan

Policy"). Lawyers Title Company ("LTC") served as the escrow office for the Loan. The Loan Policy is attached hereto and incorporated herein as **Exhibit D**.

12. Thereafter, on or about July 9, 2019, American Savings recorded the Deed of Trust and Assignment of Rents dated June 3, 2019, Document No. 3029197 ("American Savings Deed of Trust"), with the Hidalgo County Clerk to secure the indebtedness set out in the Loan and Loan Policy. The American Savings Deed of Trust is attached hereto and incorporated herein as **Exhibit E**.

13. American Savings attempted to commence a trustee sale of the Property in June 2020 but was unable to do so because of unreleased liens, including the lien related to the Audie Ray Deed of Trust. LTC provided a closing statement to American Savings explaining that LTC was withholding funds in the amount of $378,303.59 from American Savings for the payment of four liens on the Property. LTC did not record the releases of any of these liens. As of today, all but one of the liens have been released from the Property. Defendant Audie Ray's Deed of Trust still remains as a cloud on the title of the Property.

14. On January 6, 2021, Mr. Audie E. Ray sent a letter to the issuer of the Loan Policy, Fidelity National Title Group ("Fidelity"), requesting a payoff in the amount of $83,209.31 for release of the lien related to the Audi Ray Deed of Trust. Mr. Audi E. Ray's Payoff Request Letter is attached hereto and incorporated herein as **Exhibit F**.

15. In a letter to Defendant dated August 4, 2021, Fidelity, on behalf of American Savings, attempted to pay off the estimated remaining balance of $90,000.00 ($83,209.31 + $25.83 per day after January 6, 2021) for the Audi Ray Deed of Trust by issuance of a check made out to Audie E. Ray Real Estate in the amount of Ninety Thousand Dollars and Zero Cents ($90,000.00). At the time the payoff was submitted to Defendant, American Savings requested Defendant to

release its lien from the Property and record a release of lien with the Hidalgo County Clerk. Fidelity's Payoff Letter is attached hereto and incorporated herein as **Exhibit G.**

16. In a letter to Fidelity dated August 5, 2021, Mr. Audie E. Ray rejected the payoff for release of the lien related to the Audi Ray Deed of Trust. Mr. Audie E. Ray stated in the letter that Defendant cannot accept payment from Fidelity because its contract was not with Fidelity, but with the Villarreals, and requested that the Villarreals provide the payoff. Mr. Audi E. Ray's Payoff Rejection Letter is attached hereto and incorporated herein as **Exhibit H**.

17. Upon information and belief, Defendant has failed to release its lien related to the Audie Ray Deed of Trust and record a release of lien for same with the Hidalgo County Clerk.

18. All conditions precedent to the relief sought by American Savings have been satisfied.

## IV.
## SUIT TO QUIET TITLE OR ALTERNATIVELY TRESPASS TO TRY TITLE

19. American Savings is the rightful owner, entitled to possession of the property by virtue of the American Savings Deed of Trust, executed on or about June 3, 2019. The failure by Defendant to release the lien related to the Audie Ray Deed of Trust has created a cloud on American Savings' title.

20. American Savings has continuously, timely and without any delinquency paid all property taxes assessed on the Property, including, but not limited, to all taxing authorities for which the Property may have been assessed and American Savings had notice.

21. Defendant purports to have an adverse claim or interest in the Property that operates as a cloud on American Savings' title to the Property. American Savings believes that Defendant has actively participated in this course and pattern of action to wrongfully dispossess American Savings of the Property and otherwise unjustifiably cloud the title to the Property. This is especially

true considering the fact that Defendant has received a payoff for the estimated remaining balance on the Audie Ray Deed of Trust.

22. The claims or allegations of Defendant to an interest in the Property are invalid, unenforceable and without right against American Savings by virtue of the attempted payoff for the estimated remaining balance of $90,000.00 submitted by Fidelity to Defendant on August 4, 2021.

23. In order for American Savings to enjoy title to the Property, the adverse interest claimed by Defendant must be removed.

## VI.
## DECLARATORY JUDGMENT

24. Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, American Savings requests a declaratory judgment that the Audie Ray Deed of Trust on the Property is invalid and unenforceable.

25. An actual and justiciable controversy exists between American Savings and Defendant related to the removal of the lien related to the Audi Ray Deed of Trust and recording of a release of lien for same with the Hidalgo County Clerk.

## VII.
## INJUNCTIVE RELIEF

26. American Savings seeks a permanent injunction against Defendant which prevents them from exercising any dominion, control, or possession over the Property. American Savings further seeks a permanent injunction against Defendant which prevents them from publicly or privately claiming any interest in, or filing any document claiming or asserting any interest in the Property. Specifically, American Savings seeks a permanent injunction preventing Defendant from

filing any document in the Real Property Records of Hidalgo County, Texas which purports to convey the Property to any third parties.

27.  Unless Defendant is restrained from claiming an interest in the Property or filing documents with the Real Property Records of Hidalgo County, Texas purporting to convey an interest in the Property, American Savings will suffer irreparable harm because it will be unjustifiably deprived of the use, enjoyment, and benefit of the Property.  American Savings would show that there is no remedy at law that is clear and adequate to protect its Property interest against such wrongful claims.  The request for injunction relief is so that justice may be done, not merely for delay.  American Savings has performed all conditions precedent and is ready, willing, and able to perform each and every obligation to maintain its ownership of the Property and to perform such equitable acts as the Court deems necessary.

## VIII.
## FURTHER RELIEF

28.  Pursuant to 28 U.S.C.A. § 2202, request is made for further necessary or proper relief based on a declaratory judgment or decree. Such relief may be granted after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff American Savings Life Insurance Company respectfully requests that Defendant Audie E. Real Estate Lending, Inc. be cited to appear and answer herein, and that on final trial, the Court grant Plaintiff American Savings Life Insurance Company a judgment quieting title to the Property and removing Defendant Audie E. Real Estate Lending, Inc.'s cloud on its title, for declaratory judgment and injunctive relief, and

attorney's fees and costs and a judgment for all other relief to which Plaintiff American Savings Life Insurance Company may be justly entitled.

            Respectfully submitted,

            CANTEY HANGER LLP

         By: */s/Ashley T. Parrish*
            Ashley Parrish
            State Bar No. 15536850
            aparrish@canteyhanger.com
            Matthew Alagha
            State Bar No. 24094502
            malagha@canteyhanger.com
            4514 Cole Ave.
            Suite 500
            Dallas, Texas 75205
            Telephone: (214) 978-4145
            Facsimile: (214) 978-4150

            ATTORNEYS FOR PLAINTIFF
            AMERICAN SAVINGS LIFE
            INSURANCE COMPANY